# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BEVERLY ALEMAN and ROGER ALEMAN, § § § *Plaintiffs,* § § v. § § TEXAS HEALTH PREBYSTERIAN § HOSPITAL FLOWER MOUND, *et al.*, § § *Defendants.* § | Civil Action No. 4:24-cv-962 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Flower Mound Hospital Partners LLC, d/b/a Texas Health Presbyterian Hospital – Flower Mound's Motion for Leave to Designate Responsible Third Parties (Dkt. #63) and Opposed Motion for Leave to Supplement Rule 26(a)(1)(A) Disclosure (Dkt. #75) (together, the "Motions"). Having considered the Motions and the relevant pleadings, the Court finds that the Motions should be **DENIED**.

### BACKGROUND

This is a personal injury case. The underlying facts are more thoroughly set forth in the Court's December 3, 2025 Memorandum Opinion and Order (Dkt. #64). The present dispute implicates the following facts:

On October 26, 2022, Plaintiff Beverly Aleman underwent spinal surgery at Texas Health Presbyterian Hospital Flower Mound (Dkt. #1 at pp. 4–5). After experiencing serious complications, Beverly Aleman and her husband, Roger Aleman (together "Plaintiffs"), filed suit on October 24, 2024 (Dkt. #1). Under Texas's two-year statute of limitations for medical malpractice claims, the limitations period expired two days later, on October 26, 2024 (Dkt. #74

at p. 2 (citing TEX. CIV. PRAC. & REM. CODE § 74.251(a)). The deadline for joinder of parties expired on March 14, 2025 (Dkt. #40). Expert discovery closed on August 8, 2025 (Dkt. #40). The dispositive motion deadline expired on August 15, 2025 (Dkt. #40). Discovery closed on September 15, 2025 (Dkt. #40). The Court denied Plaintiffs leave to amend on December 3, 2026 (Dkt. #64).

On November 25, 2025, Defendant Flower Mound Hospital Partners LLC, d/b/a Texas Health Presbyterian Hospital – Flower Mound ("Defendant") moved for leave to designate responsible third parties (Dkt. #63). Specifically, it seeks to designate Dr. Eric Chang-Tung ("Dr. Chang-Tung") and Dr. Dennis J. Robison ("Dr. Robison") (Dkt. #63 at pp. 1–2). According to Defendant, the motion is timely because it was filed at least 60 days before trial, a deadline set by Texas's responsible third party statute, TEX. CIV. PRAC. & REM. CODE § 33.004(a).

Plaintiffs oppose the motion and object to the designation of responsible third parties (Dkt. #74). In their view, the motion is barred by a different section of the statute which prohibits designating responsible third parties when (1) the statute of limitations for the plaintiff to pursue claims against the responsible third parties has expired; and (2) the defendant fails to comply with its disclosure obligations "under the Texas Rules of Civil Procedure" (Dkt. #74 at pp. 1–2 (quoting TEX. CIV. PRAC. & REM. CODE § 33.004(d)).

Defendant replies that the motion is timely because Plaintiffs filed suit too close to the statute of limitations, and the facts providing a basis to designate the responsible third parties were not revealed until an October 30, 2025 deposition (Dkt. 80 at pp. 2, 5). Neither party addressed whether the sixty-day deadline controls in federal court.

On December 11, 2025, Defendant sought leave to supplement its Rule 26(a)(1)(A) disclosures to name individuals with relevant knowledge (Dkt. #75). These individuals "were

closely involved in the surgery or post-operative period that is squarely at issue" (Dkt. #75 at p. 2). One of them is Dr. Robison, who Defendant also seeks to designate as a responsible third party (Dkt. #75-1 at p. 5). The motion is opposed (Dkt. #90). In sum, among other things, Defendant argues that supplementation is harmless because these individuals were named in medical records and a (now settled) co-defendant's disclosures, and Plaintiffs respond that the supplementation is prejudicial because all discovery deadlines have passed and trial is looming.

## LEGAL STANDARD

### I. Designation of Responsible Third Parties

In every cause of action based in tort under Texas law, the trier of fact is required to apportion responsibility among each responsible claimant, defendant, settling person, and "responsible third party." TEX. CIV. PRAC. & REM. CODE §§ 33.002(a)(1), 33.003(a); accord *Challenger Gaming Sols., Inc. v. Earp*, 402 S.W.3d 290, 292 (Tex. App.—Dallas 2013, no pet.) (acknowledging that the proportional responsibility statute applied to "claims for negligence, fraud, products liability, and any other conduct that violates an applicable legal standard") (internal quotations omitted). A responsible third party is defined as follows:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

TEX. CIV. PRAC. & REM. CODE § 33.011(6).

Section 33.004 provides that a "defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate . . . on or before the 60th day before the trial date." *Id.* § 33.004(a). The purpose of § 33.004 is to allow the trier of fact to allocate responsibility

3

among all persons responsible for a claimant's injuries, "regardless of whether they are subject to the court's jurisdiction or whether there is some other impediment to the imposition of liability on them." *Galbraith Eng'g Consultants Inc. v. Pochucha*, 290 S.W.3d 863, 869 n.6 (Tex. 2009) (quoting 19 DORSANEO, TEXAS LITIGATION GUIDE § 291.03(2)(b)(i)(2009)).

## II.    Untimely Discovery Disclosures

Federal Rule of Civil Procedure Rule 37(c) allows evidence that was not properly or timely disclosed to be excluded if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1). In determining the propriety of excluding evidence under Rule 37(c)(1), the Court considers four factors: (1) the party's explanation for its failure to disclose evidence; (2) the importance of the evidence; (3) the prejudice, if any, to the party opposing the admission of the evidence; and (4) the possibility of curing any prejudice with a continuance. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

## ANALYSIS

## I.    Defendant's Motion for Leave to Designate Responsible Third Party

It is undisputed that Defendant moved to designate Dr. Chang-Tung and Dr. Robison as responsible third parties prior to sixty days before trial. It is also undisputed that the statute of limitations on any tort claims Plaintiffs could pursue against these doctors has expired. Thus, according to the parties, the remaining question for the Court is whether Section 33.004(d) of the Texas Civil Practice and Remedies Code bars the designation. Under that section, after the limitation period expires, a defendant "may not designate a person as a responsible third party . . . if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may

be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(d). The matter "is complicated in the instant case—a federal diversity action—where discovery is generally governed by the Federal, rather than Texas Rules of Civil Procedure." *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 690 (E.D. Tex. 2014).

The parties do not address this complication. They debate whether the purpose of § 33.004(d) applies in this case because Plaintiffs filed suit two days before the statute of limitations expired, and whether Defendant diligently sought leave to designate. But the Court is bound "to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). It is therefore necessary to determine what law governs. To do so, the Court must first determine whether § 33.004(a)'s sixty-day deadline applies in federal court.

This section proceeds in three parts. First, the Court summarizes the split of authority on whether § 33.004 is procedural and whether the joinder or dispositive motion deadlines control motions for leave to designate. Next, the Court explains why it concludes that § 33.004's deadline is procedural (which makes the Court's scheduling order govern). Finally, the Court analyzes whether good cause exists to modify the scheduling order, finding that it does not.

A.   **Courts are divided on whether the sixty-day deadline governs in federal court.**

Federal courts exercising diversity jurisdiction "should not apply a state law or rule if (1) a Federal Rule of Civil Procedure answers the same question as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019) (citation modified). If a state law "directly collides" with a Federal Rule of Civil Procedure by providing a different answer to the same question, federal courts cannot apply the state law. *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296 (5th Cir. 2016) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). To directly collide, the rules at issue need

5

not be identical in purpose or scope. *Id.* at 297. Rather, the question is whether the "scope of the Federal Rule is sufficiently broad to control the issue before the court." *Id.* (citation modified).

Courts are split on whether the sixty-day rule and the Federal Rules directly collide. In *Withers*, Judge Gilstrap considered the argument that Federal Rule of Civil Procedure 14, which governs third-party practice, conflicted with § 33.004. *Withers*, 13 F. Supp. 3d at 688. He found that it did not. Rule 14 governs the formal joinder of parties, while § 33.004 merely provides a mechanism to apportion responsibility to a third party without joinder—responsibility that does not impose liability or create any res judicata effect. *Id.* Therefore, according to *Withers* and other authorities, Rule 14 and § 33.004 are not in conflict. Under this view, § 33.004 is substantive.

In *Hayes*, this Court considered whether Federal Rule of Civil Procedure 16, which governs pretrial conferences, scheduling, and management, conflicts with § 33.004. *Hayes v. Locke Supply Co.*, No. 4:22-CV-767, 2024 WL 1258369, at *4 (E.D. Tex. Mar. 25, 2024). After turning to *Passmore* for guidance, the Court found a conflict. In that case, the question was whether a Texas medical malpractice statute—which required serving an expert report within 120 days of the defendant's answer to avoid dismissal—applied in federal court. *Passmore*, 823 F.3d at 296. The Fifth Circuit examined Federal Rule of Civil Procedure 26, which imposes expert disclosure requirements "at the times and in the sequence that the court orders." *Id.* (citation modified). The Fifth Circuit also examined Federal Rule of Civil Procedure 37(c), which provides the consequences for failing to comply with Rule 26. *Id.* These two rules, the Fifth Circuit concluded, conflicted with the Texas 120-day deadline and its mandatory dismissal provision because Rule 26 "does not require plaintiff to serve expert reports on defendants within 120 days" and Rule 37's sanction scheme is discretionary. *Id.* at 297. By analogy, this Court concluded that Rule 16(b)(3)(A), which requires the

6

Court to "limit the time to . . . file motions," was sufficiently broad to answer the same question as the sixty-day deadline. *Hayes*, 2024 WL 1258369, at *5. For that reason (and because neither party argued Rule 16 was invalid), this Court declined to apply the sixty-day deadline. *Id.* at *6. Under this view, § 33.004 is procedural.

After finding a direct collision between Rule 16 and the sixty-day deadline, the Court proceeded to consider "by what point must a party file a motion for leave to designate a responsible third party." *Hayes*, 2024 WL 1258369, at *6. The Court chose to "follow precedent of the United States District Court for the Western District of Texas" to find that a party must file such a motion "by the dispositive motions deadline specified in the governing scheduling order." *Id.*[1]

But even the Western District is now split on the issue. Judge Cardone found that the dispositive motion deadline is inappropriate, and that the joinder deadline governs motions to designate. *Guadian v. Americor Funding LLC*, 724 F. Supp. 3d 668, 671–72 (W.D. Tex. 2024). She reasoned that even though designating responsible third parties does not join them as parties subject to liability, designation is not a dispositive motion because it "does not resolve any claims in the case." *Id.* at 671. Thus, in her view, the dispositive motion deadline "is no more a natural fit" than the joinder deadline. *Id.* at 670. Judge Cardone pointed to practical concerns in support of choosing the joinder deadline. Namely, allowing a designation after discovery forces a plaintiff to choose between elongating the litigation process through an extended discovery period or forfeiting the ability to adequately investigate the designated third parties. *Id.* at 671.

---

[1] The Court cited the following cases from the Western District of Texas: *Am. Home Assurance Co. v. Medina*, No. 1:21-CV-00126, 2022 WL 1957807, at *2 (W.D. Tex. June 6, 2022); *Aguilar v. Pick Five Imps., Inc.*, No. SA-21-CV-01048, 2022 WL 1570627, at *2 (W.D. Tex. May 27, 2022); *Al - Khawaldeh v. Tackett*, No. 1:20-CV-1079-RP, 2021 WL 5986053, at *4 (W.D. Tex. Dec. 16, 2021), *report and recommendation adopted*, No. 1:20-CV-1079-RP, 2022 WL 2718537 (W.D. Tex. Jan. 20, 2022).

This Court need not decide whether the dispositive motion deadline remains appropriate as it decided in *Hayes*. Here, Defendant's motion would be untimely under either deadline. Thus, the question remains whether the sixty-day deadline conflicts with the Federal Rules.

**B.     Rule 16 conflicts with the sixty-day deadline**.

Without Fifth Circuit precedent on point, this Court again turns to *Passmore* for guidance and concludes that Rule 16 and § 33.004 conflict. In *Passmore*, the Fifth Circuit found that Rule 26 and Texas law answered the question of when an expert report must be served differently because Rule 26 "does not require plaintiff to serve expert reports on defendants within 120 days as [Texas law would require.]" *Passmore*, 823 F.3d at 296. Here, Rule 16 is sufficiently broad to answer the same question as the sixty-day deadline because it provides that the Court must issue a scheduling order that limits the time to file motions. FED. R. CIV. P. 16(b)(3)(A). The rules are in conflict because one sets a statutory deadline and the other entrusts that decision to the Court. Here, Defendant's motion is untimely whether the dispositive motion or joinder deadline applies.

The Court acknowledges that the designation of responsible third parties differs from dispositive motions and formal joinder in significant respects. Nevertheless, "[s]cheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and certain manner." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (citation modified). It cannot be the case that because designation of responsible third parties is different from joinder or a dispositive motion, the Court has no power to prevent the motion from being filed after the close of discovery. As Judge Cardone noted, another section of the Texas statute expressly contemplates that plaintiffs have "'an adequate time for discovery'" following responsible third party designations in order to file a motion to strike the designation. *Guardian*, 724 F. Supp. 3d at 671 (quoting TEX. CIV. PRAC. & REM. CODE § 33.004(l)). Here,

applying § 33.004's scheme would directly conflict with the Court's authority to manage its cases under Rule 16 by requiring more time for discovery. Further, neither party challenges the validity of Rule 16. Thus, the Court cannot apply the directly conflicting state rule. *Passmore*, 823 F.3d at 296. Accordingly, the Court's scheduling order governs, making Defendant's motion untimely.

### C.   No good cause exists to modify the scheduling order.

The Court construes Defendant's arguments that it diligently designated the responsible third parties under § 33.004 as an argument that good cause exists to modify the scheduling order. The Court is unpersuaded.

The Fifth Circuit has applied a four-part test when determining if good cause to modify a scheduling order exists. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). The four applicable factors are: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *Id.* (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Here, the first and second factors weigh in favor of modifying the scheduling order, but the third and fourth factors weigh against it.

Defendant's explanation for the late designation is that it did not know Dr. Robison and Dr. Chang-Tung were potentially responsible until an October 30, 2025 deposition of Plaintiffs' expert (Dkt. #80 at p. 5).[2] Defendant alleges that because it received the transcript of the deposition on November 24, 2025, it acted diligently by seeking leave to designate on November 25, 2025

---

[2] This explanation is provided for the first time in Defendant's reply (Dkt. #80). Defendant's motion did little work to show good cause, presumably because Defendant assumed the sixty-day deadline controlled, and instead spent its time explaining why the doctors are potentially responsible. But because § 33.004's application in federal court is a thorny issue and the Court ultimately declines to modify the scheduling order, the Court will consider Defendant's explanation for the delay.

9

(Dkt. #80 at p. 5). The Court will assume Defendant's representations are correct and find this factor weighs in favor of modifying the scheduling order.

The second factor, the importance of the proposed modification, also supports modifying the scheduling order. Courts have found that a modification is important when it "directly affects [a party's] prospects of ultimate recovery." *Hayes*, 2024 WL 1258369, at *7 (citing *The Richards Grp., Inc. v. Brock*, No. 3:06-CV-0799, 2008 WL 1722250, at *2 (N.D. Tex. Apr. 14, 2008)). Apportionment of fault to a responsible third party affects a plaintiff's prospects of ultimate recovery. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 33.003); TEX. CIV. PRAC. & REM. CODE § 33.001. Therefore, the Court assumes that this factor weighs in favor of Defendant.

However, the third factor heavily weighs against modification. Plaintiffs will be substantially prejudiced if the scheduling order is modified. This case is set for a final pre-trial conference on January 30, 2026 (Dkt. #91). The case will potentially go to trial as soon as February 9, 2026 (Dkt. #91). Discovery has closed (Dkt. #40). Even if Plaintiffs have been aware of Dr. Robison's and Dr. Chang-Tung's potential roles in the alleged harm, they have not been aware of the need to prepare a defense on their behalf to reduce the percentage of responsibility the jury assigns them. Thus, this factor weighs against Defendant.

The fourth factor considers the availability of a continuance to cure prejudice. Trial is set for next month and a continuance is not available under the present circumstances. Thus, this factor weighs against Defendant.

After considering the factors holistically, the Court finds that Defendant has not demonstrated good cause to modify the Court's scheduling order. Therefore, the Court will deny the motion for leave to designate responsible third parties (Dkt. #63).

II.  **Defendant's Motion for Leave to Supplement Rule 26(a)(1)(A) Disclosure**

In its initial disclosures, Defendant broadly identified itself (Texas Health Presbyterian Hospital Flower Mound) as an entity with relevant information to Plaintiffs' claims—but did not identify the doctors and nurses caring for Plaintiff Beverly Aleman (Dkt. #75 at p. 1). It seeks to do so now. The parties brief the four-part test the Court discussed earlier, which also applies when determining if a failure to comply with Rule 26 is substantially harmless. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). After considering the factors, the Court is unpersuaded that Defendant's failure to timely name these individuals is substantially harmless. It will therefore deny leave to supplement.

To recap, the four applicable factors are: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the evidence; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *Id.* Here, the Court finds that two factors weigh against the requested relief, one weighs in its favor, and one is neutral.

The first factor (explanation for the delay) weighs against Defendant. Defendant argues that its "failure to specifically identify its own doctors and nurses by name was a clerical oversight" (Dkt. #75 at p. 4). Moreover, it argues that the individuals it seeks to list "were all closely involved in [Plaintiff Beverly Aleman's] care and have been routinely discussed in both party depositions and expert depositions by name" (Dkt. #75 at p. 4). Whether the parties have discussed these individuals is not an explanation for the delay. And, in light of the eleven-month delay between Defendant's initial disclosures and the relief sought, the Court finds the clerical error explanation insufficient. Accordingly, this factor weighs against the requested relief.

The Court assumes the second factor weighs in favor of Defendant. As to this factor, importance, Defendant points to the individuals' close involvement "in the surgery or

post-operative period that is squarely at issue in this case" (Dkt. #75 at p. 2). Defendant argues it is important that the individuals "be permitted to testify as to their recollection of events to give the jury context" (Dkt. #75 at p. 2). Plaintiffs do not meaningfully contest importance but argue that other factors should outweigh it (Dkt. #90 at p. 7). Thus, this factor weighs in favor of relief.

The third factor, prejudice, is neutral at best. Defendant points to the fact that a co-defendant, who has now settled, included the individuals with knowledge in his initial disclosures and expert designations (Dkt. #75 at p. 3). Moreover, Defendant notes that Plaintiffs broadly included all physicians, nurses, and medical staff employed by Defendant in their expert designations (Dkt. #75 at p. 3). Finally, Defendant argues that the individuals all appear by name in the medical records and had well-defined roles in the surgery and post-surgery period, limiting potential prejudice (Dkt. #75 at p. 3). Plaintiffs make several arguments in opposition (Dkt. #90 at pp. 4–6), but the Court will mention two. First, Plaintiffs argue that prejudice exists because they were unable to depose the individuals or propound targeted discovery for them because discovery has closed. Second, they argue that each Defendant has independent obligations under Rule 26, so it is irrelevant that a settled co-defendant included the individuals.

The Court disagrees that disclosures of co-defendants are irrelevant to the prejudice factor, because they tend to bear on whether supplementation would cause unfair surprise. However, because the Court does not know when the co-defendant settled, the Court cannot determine how much weight to give to this fact. If the co-defendant settled recently, it is questionable that Plaintiffs had any intention to conduct discovery about the individuals in his disclosures because they would have done so already. If the co-defendant settled early, that would bolster Plaintiffs' argument

because they would not know of the need to prepare for these individuals' appearance at trial after the disclosing co-defendant settled. The Court will thus consider this factor neutral.

The Court finds that the fourth factor, availability of a continuance to cure prejudice, weighs against Defendant. Defendant argues that if any prejudice exists, a continuance will cure it (Dkt. #75 at p. 3). Plaintiffs argue, among other things, that this case involves serious injuries and ongoing suffering, and that Plaintiff Beverly Aleman deserves her day in court without further delay (Dkt. #90 at p. 7). Trial is set for next month and a continuance is not available under the present circumstances. Therefore, this factor weighs against the requested relief.

After considering the factors holistically, the Court concludes that permitting supplementation at this time would not be substantially harmless. Accordingly, the Court will deny Defendant's motion for leave to supplement its Rule 26(a)(1)(A) disclosures (Dkt. #75).

## CONCLUSION

It is therefore **ORDERED** that Defendant Flower Mound Hospital Partners LLC, d/b/a Texas Health Presbyterian Hospital – Flower Mound's Motion for Leave to Designate Responsible Third Parties (Dkt. #63) and Opposed Motion for Leave to Supplement Rule 26(a)(1)(A) Disclosure (Dkt. #75) are hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 6th day of January, 2026.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE